UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: *Michael Skurow, et al. v. Procter & Gamble Pharmaceuticals, Inc. et al.,* *No. 5-cv-379*. | MDL NO. 1407 ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the court on Procter & Gamble Pharmaceuticals' ("P&GP") and Welpharm, Inc.'s ("Welpharm") Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m), for failure to effect timely service, or alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56.

Plaintiffs Michael and Virginia Skurow filed their complaint in the Ninth Judicial Circuit Court in Orange County, Florida on November 15, 2004. On December 22, 2004, proceeding under Florida's substituted service outlined at Fla. Stat. Ann. §§ 48.161 and 48.181, they served the Florida Secretary of State as agent acting on behalf of P&GP and Welpharm. On January 14, 2005, defendant AmerisourceBergen Corporation removed the matter to federal court, and on March 15, 2005, the case was docketed in

ORDER
Page - 1 -

1  this MDL. Plaintiffs sent the state court summons and complaint
2  by certified mail to P&GP and Welpharm on February 14, 2005.
3      Defendants argue that plaintiffs did not properly serve
4  notice under Florida law. On December 22, 2004, plaintiffs served
5  a copy of the state court summons and the complaint on the
6  Florida Secretary of State, in accordance with Fla. Stat. Ann. §§
7  48.161 and 48.181. The statutes authorize service on a
8  nonresident party by service of the summons and complaint on a
9  designated agent (in this case, the Secretary of State) and
10 delivery, forthwith, of the same to the defendant by certified
11 mail. Although plaintiffs served the Secretary of State in a
12 timely and proper fashion, they did not mail the summons and
13 complaint to the defendants, as noted above, until February 14,
14 2005, some fifty-three days after service on the Secretary of
15 State. The delay, defendants argue, falls outside the statute's
16 requirement that defendant be served "forthwith," nullifying the
17 service under Florida law.
18     As a threshold matter, the court finds that the proper date
19 from which the service clock should run under Fed. R. Civ. P.
20 4(m) is that of removal of the case from state court to federal,
21 January 14, 2005, and not the date on which the complaint was
22 filed in state court. *See* Wright & Miller §1082 ("The Rule [4(m)]
23 time-period limitation starts on the date of removal because
24 there is no federal interest in prompt service until the date of
25 removal.") *citing Bruley v. Lincoln Property Co., N.C., Inc.*, 140
26 F.R.D. 452 (D.C. Colo. 1991).

ORDER
Page - 2 -

1    Nevertheless, in this case plaintiffs did not obtain a
2 summons or serve process in accordance with federal law by
3 February 14, 2005, or at any time within the 120-day period,
4 which expired on or about March 15, 2005.[1]  Instead, as noted
5 above, they attempted to effect substituted service under Florida
6 law, filing notice with the Florida Secretary of State on
7 December 22, 2004, before removal to federal court, and
8 delivering such notice and summons (issued by the state court) to
9 defendants on February 14, 2004, after removal.

10    This attempt at service was defective under any theory the
11 court can discern from the spare arguments set forth in the
12 parties' briefs. First, the summons and complaint mailed on
13 February 14, 2005 were clearly not proper service as a matter of
14 federal law. By statute, "[i]n all cases removed from any State
15 court to any district court of the United States in which any one
16 or more of the defendants has not been served with process or in
17 which the service has not been perfected prior to removal . . .
18 such process or service may be completed or new process issued in
19 the same manner as in cases originally filed in such district
20 court." 28 U.S.C. § 1448. In this case, plaintiffs had not
21 completed or perfected service as of January 14, 2005, the date
22 of removal. They cannot now avail themselves of 28 U.S.C. § 1448,
23 however, as they did not "complete" service "in the same manner"

---

[1] Indeed, plaintiffs have yet to obtain a summons from the federal court or otherwise attempt service on defendants under Fed. R. Civ. P. 4.

ORDER
Page - 3 -

1  as if the case had been "originally filed" in the district court,
2  by seeking a new summons from the federal court in accordance
3  with Fed. R. Civ. P. 4.

4  Nor can plaintiffs claim they perfected service under
5  Florida law. In the Ninth Circuit, a plaintiff cannot begin
6  service in state court, in accordance with state law, and then
7  attempt to complete the state-law service upon removal.[2] *See*
8  *Beecher v. Wallace*, 381 F.2d 372, 372 (9th Cir. 1967)("[D]oes a
9  state court summons issued but not served prior to removal of the
10 state court action to the federal courts retain any efficacy for
11 further service of process after the removal? The district court
12 concluded that it does not. We agree.")

13 There are some exceptions to the Ninth Circuit prohibition
14 on completing state-law service after removal to federal court.
15 If a plaintiff has served defendant and has only to perfect that
16 service by filing the return thereon, she may do so after
17 removal. *Id*. *Beecher* also acknowledged that "if under state law
18 technical errors on the face of the summons can be cured by
19 amendment (and thus do not render the process void), such process
20 may be completed in the federal court in the same manner as in
21 the state court." *Id.* Neither situation arose in this case;
22 plaintiffs had more than a filing of the service left to
23 accomplish at removal, and the defect in service was far more

---

[2] Notably, both parties were derelict in their obligation to bring this authority to the court's attention.

ORDER
Page - 4 -

than a mere facial technicality, as the statutory requirements of delivering the summons and complaint on defendants remained.

Plaintiffs might argue (though they do not in their brief) that by serving the Secretary of State they in fact "served" the summons and complaint on defendants, putting defendants on notice. Under this theory, the further statutory requirement for substituted service – that a plaintiff deliver the summons and complaint "forthwith" – might be construed as a "technicality." A plaintiff in this situation might argue she should therefore be granted the protection of the *Beecher* "technicality" exception noted above.

The reasoning underlying the *Beecher* decision, and Florida state law, however, foreclose this possibility. According to *Beecher*, a federal court cannot oversee completion of service begun in state court where the state court never in fact gained jurisdiction over the defendant in question. *Beecher* at 372 ("Thus service of process . . . is an indispensable prerequisite to the court's jurisdiction to proceed."). And according to Florida law, unless a plaintiff choosing sustituted service has delivered the summons and complaint forthwith, service is defective and the state court has not gained jurisdiction over that defendant. *See, e.g., Parish Mortg. Co. v. Davis*, 251 So.2d 342 (Fla. App. 1971)(holding that where statutory requirement for mailing copy of summons to nonresident 'forthwith' was not complied with and notice was not mailed to nonresident defendant corporation until 37 days after service on Secretary of State,

ORDER
Page – 5 –

attempted service was invalid, and court was without jurisdiction over defendant). Because Florida courts never gained jurisdiction over defendants in this case, this court cannot oversee completion of service. *Beecher* at 372.

Plaintiffs alternatively ask this court for an enlargement of time in which to serve defendants. Federal R. Civ. P. 4(m) authorizes the court to grant a plaintiff additional time in which to perfect service upon showing of "excusable neglect" or as the court otherwise deems appropriate. *See Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir. 2003)("The current rule requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause.").

The court hereby finds that an extension of time for plaintiffs to serve defendants is appropriate. Although plaintiffs failed to show good cause in this case, defendants have likewise failed to demonstrate prejudice. Plaintiffs shall effect proper service upon defendants under the Federal Rules immediately and in no case later than July 15, 2005. The several-month delay of service, while not insubstantial, cannot be blamed for the fading of witness memories or loss of evidence. Finally, dismissal Fed. R. Civ. P. 4(m) in any case would be without prejudice; allowing plaintiffs to properly serve defendants under an extension of time avoids the formalities of the dismissal and

ORDER
Page – 6 –

refiling of plaintiffs' claims.[3]

For the foregoing reasons, the court DENIES defendants' motions to dismiss, and GRANTS plaintiffs' request for an enlargement of time. Plaintiffs shall properly serve defendants forthwith, and in no case later than July 15, 2005.

DATED at Seattle, Washington this 7th day of July, 2005.

*signature*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[3] Per the court's ruling, it does not have jurisdiction over defendants. As such, the court cannot rule on defendants' motions for summary judgment.

ORDER
Page – 7 –